UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RONALD WORTHAM, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 13-1385 (KBJ) |
| UNITED STATES PAROLE COMMISSION, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) ) | |

# MEMORANDUM OPINION

Plaintiff, who is serving a 24-year prison term, brings this action *pro se* under 42 U.S.C § 1983 against the Commissioner of the United States Parole Commission and four current and former Parole Hearing Examiners (collectively, "Defendants"), in both their individual and official capacities. (*See* A Civil Action (pursuant to § 1983), ECF No. 1, at 1-2.) Plaintiff alleges that Defendants "collusively denied and deprived Plaintiff his substantive rights to liberty, due process, and equal protection to the United States Constitution" by denying to release him from prison on parole. (*Id.* at 11.) He seeks both monetary damages and an injunction requiring his immediate release from prison. (*Id.* at 9, 11.)

In response to Plaintiff's complaint, Defendants filed a Motion to Dismiss or for Summary Judgment. (*See* Mem. in Supp. of Defs.' Mot. to Dismiss or for Summ. J., ECF No. 10-1 ("Defs.' Mem.").) In their motion, Defendants argue that because Plaintiff "challeng[es] the fact or duration of his confinement," he must litigate his claims through a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 rather

than through an action under Section 1983. (*Id.* at 10.) *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("This Court has held that a prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement[;] [h]e must seek federal habeas corpus relief (or appropriate state relief) instead." (internal quotation marks and citations omitted)). In response to the motion, Plaintiff concedes that he cannot maintain a claim under Section 1983 for denial of parole, stating that he "now understands [that] the judicial process and vehicle for challenging the duration and lawfulness of confinement [is] a [Petition for] a Writ of Habeas Corpus under 28 U.S.C. § 2241." (Pl.'s Mot. to Dismiss, ECF No. 11 ("Pl.'s Mot."), at 1.) He moves for dismissal of his own complaint, presumably under Federal Rule of Civil Procedure 41(a)(2), because Defendants have filed a motion for summary judgment, which precludes voluntary dismissal under Rule 41(a)(1)(A)(i). (*Id.*)

Because there is no dispute that Plaintiff cannot bring a claim for damages and injunctive relief under Section 1983 based on the facts he pleads in his complaint and must instead file a Petition for Writ of Habeas Corpus, the Court will grant this aspect of Plaintiff's Motion to Dismiss. Moreover, in light of this dismissal, the Court will also deny as moot Plaintiff's Motion to Appoint Counsel (ECF No. 4) and Defendants' Motion to Dismiss.

In his motion, Plaintiff also asks that this Court "dismiss the filing fee" (Pl.'s Mot. at 1), which the Court construes as a request to vacate the assessment order filed on September 12, 2013, in accordance with the filing fee provisions of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(b). (*See* Order, ECF No. 5.) Through the PLRA, Congress has mandated that a prisoner who brings a civil action

2

"pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The Court has no authority to excuse any prisoner from fully satisfying this financial obligation. *See In re Smith*, 114 F.3d 1247, 1250 (D.C. Cir. 1997) (holding that payment of the filing fee "is required in every case in which a prisoner proceeding *in forma pauperis* brings a civil action.") (internal quotation marks omitted); *see also* 28 U.S.C. § 1915(b)(1)-(2) (establishing formula under which prisoner who cannot prepay the filing fee is obligated to pay a partial initial filing fee and then make monthly payments); *Goins v. Decaro*, 241 F.3d 260, 260-61 (2d Cir. 2001) (denying inmates' requests for refund of partially-paid filing fees and cancellation of remain amounts due following withdrawal of their appeals because excusing inmates from their obligation to pay filing fees would be "inconsistent with Congress's objectives in enacting the PLRA."). Accordingly, the Court will deny this aspect of Plaintiff's Motion to Dismiss.

A separate, final order accompanies the Memorandum Opinion.

DATE: May 1, 2014

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge